UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROSEMARY GUADALUPE VINCK, | Case No.: 3:19-cv-00715-RBM |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | [Doc. 3.] |

## I. INTRODUCTION

Presently before the Court is Plaintiff Rosemary Guadalupe Vinck's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 3.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

## II. DISCUSSION

All parties instituting a civil action, suit, or proceeding in a district court of the United States must pay a filing fee of $350.00, except an application for a write of habeas corpus, which costs $5.00. 28 U.S.C. § 1914(a). However, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. 28 U.S.C. § 1915. All actions sought to be filed *in forma pauperis* must be accompanied by an affidavit, signed by the

1

affiant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. Civ. L.R. 3.2(a). The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland,* 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339-340 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." *Id.,* at 339.

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff affirms that her only income is public assistance in the amount of $330.00 each month. (Doc. 3, at 1-2.) Plaintiff has no money in a bank account, and her only asset is a car valued at $1,000.00. (Doc. 3, at 1-2.) Her monthly expenses total $291.00. (Doc. 3, at 4-5.) Plaintiff is represented by counsel, but it does not appear that she is paying (or expects to pay) counsel at this time. (Doc. 3, at 5.) *See Torres v. Colvin,* No. cv-13-2300-PHX-LOA, 2013 WL 12304024, at *1 (D.Ariz. Nov. 25, 2013) ("While Plaintiff is represented by counsel, there is no known authority that precludes a plaintiff from obtaining *in forma pauperis* status if the plaintiff is represented by counsel; provided, of course, that plaintiff qualifies for such status.") Under these circumstances, the Court finds that requiring Plaintiff to pay the court filing fees would impair her ability to obtain the necessities of life. *See Adkins,* 335 U.S. at 339.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's application for leave to proceed *in forma pauperis* is **GRANTED**.
2. The Clerk of Court is **DIRECTED** to issue the summons, provide Plaintiff

with a certified copy of both this order and the complaint (doc. 1), and forward them to Plaintiff along with a blank United States Marshals Service Form 285 for each defendant named in the complaint. Upon receipt of these materials, Plaintiff is **DIRECTED** to complete the Form 285 and forward the materials to the United States Marshals Service. Upon receipt, the United States Marshals Service shall serve a copy o the complaint and summons upon each defendant as directed by Plaintiff on the Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

DATE: May 8, 2019

_____
HON. RUTH BERMUDEZ MONTENEGRO
United States Magistrate Judge