UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY G. V.,<br><br>                           Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,<br><br>                           Defendant. | Case No.: 3:19-cv-00715-RBM<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**[Doc. 23]** |

## I.    INTRODUCTION

Presently before the Court is Plaintiff Rosemary Guadalupe V.'s ("Plaintiff") petition for attorney fees, costs, and expenses ("Motion"), seeking reimbursement of the same from the Commissioner of the Social Security Administration ("Defendant" or "Commissioner").[1] (Doc. 23.) Pursuant to 28 U.S.C. § 2412(d) of the Equal Access to Justice Act ("EAJA"), Plaintiff requests attorney's fees and expenses for a total of $4,378.74. (Doc. 25 at 3.) Defendant opposes Plaintiff's Motion claiming the Social Security Administration's position was substantially justified, Plaintiff's counsel's fees are

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019 and is therefore substituted for Nancy A. Berryhill as Defendant. *See* 42 U.S.C. § 405(g); FED. R. CIV. P. 25(d).

1

unreasonable, and any EAJA fee award must be paid to Plaintiff and not her counsel. (Doc. 24 at 6-17.) Plaintiff filed a reply brief in support of her Motion on April 1, 2020. (Doc. 25.)

The parties consented to Magistrate Judge jurisdiction. (*See* Gen. Or. 707; Doc. 5.) After a careful review of the submissions of the parties, the Court **GRANTS IN PART** Plaintiff's Motion as set forth below.

## II. BACKGROUND

On April 18, 2019, Plaintiff filed a complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c) appealing the Commissioner's decision denying her applications for disability insurance benefits and supplemental security income. (Doc. 1.) Next, Plaintiff filed a motion for summary judgment, seeking reversal of the Commissioner's final decision or alternatively, remand for further administrative proceedings. (Doc. 15 at 1.) Plaintiff sought reversal or remand on two grounds: (1) the ALJ failed to articulate legally sufficient reasons for discounting Plaintiff's subjective testimony regarding an alleged disability due to carpal tunnel syndrome; and (2) the ALJ failed to properly assess Plaintiff's mental health impairment at step two of the sequential evaluation process. (*Id.* at 7-13.) Defendant filed a cross-motion for summary judgment with two chief arguments: (1) the ALJ reasonably provided proper and compelling reasons to discredit Plaintiff's subjective testimony and came to a reasonable conclusion based on substantial evidence; and (2) the ALJ properly weighed the evidence of record, and the ALJ's finding of a non-severe mental impairment is based on substantial evidence. (Doc. 18 at 10-22.)

After considering the cross-motions for summary judgment, the Court issued a decision granting in part and denying in part Plaintiff's motion and granting in part and denying in part Defendant's cross-motion. (Doc. 21.) The Court granted Plaintiff's motion in part on the ground that the Administrative Law Judge's ("ALJ") findings of a non-severe mental impairment at step two of the sequential evaluation process lacked substantial evidence and warranted remand. (*Id.* at 8-13.) As the Court noted, the step two evaluation is a *de minimis* screening device intended to weed out only the most minor impairments.

(*Id.* at 10 (citing *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987); *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001)). The Court found the ALJ committed error by ignoring significantly probative mental health treatment records which undermined the ALJ's conclusion that Plaintiff lacked a medically severe impairment. (Doc. 21 at 11 (citing *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014).) The Court remanded the ALJ's decision on this ground only. (*Id.* at 13.) On remand, the Court instructed the ALJ to conduct a supplemental evaluation of the mental impairment evidence and incorporate his findings into any future decision. (*Id.*)

### III. DISCUSSION

#### A. Applicable Law

The EAJA allows a prevailing party to seek attorney's fees and other expenses from the United States unless certain circumstances apply. *See* 28 U.S.C. § 2412(d). The EAJA shifts the burden of attorney's fees from the private litigant to the government in order to "reduce the chance that the expense involved in securing the vindication of rights would deter defense against unreasonable governmental action." *Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir.1984) (internal quotations and citation omitted), abrogated on other grounds by *Corbin v. Apfel*, 149 F.3d 1051, 1053-1054 (9th Cir. 1998). Under the EAJA, "a litigant is entitled to attorney's fees and costs if (1) [s]he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Carbonell v. Immigration & Naturalization Serv.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002); 28 U.S.C. § 2412(d)(1)(A)).

*i. Plaintiff is the Prevailing Party*

An applicant for social security benefits who receives a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether benefits are ultimately awarded on rehearing. *Shalala v. Shaefar*, 509 U.S. 292, 302 (1993); *Garnica v. Astrue*, 378 F. App'x. 680, 681 (9th Cir. 2010). Here, the Court remanded this matter to the

Commissioner with instructions for the ALJ to conduct to a supplemental evaluation of the mental impairment evidence and incorporate his findings into any future decision. (Doc. 21 at 13.) Because the Court remanded the action pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff is the prevailing party. (Doc. 21 at 13); *see Shalala*, 509 U.S. at 297 (explaining distinction between sentence four and sentence six remands).

        *ii.*   *Commissioner Failed to Show His Position was Substantially Justified*

Under the EAJA, the prevailing party is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is the government's burden to show that its position was substantially justified or that special circumstances make an award unjust. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (internal citation omitted); *see also Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citing *Gutierrez*, 274 F.3d at 1258). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Tobeler*, 749 F.3d at 832 (citation omitted). The government's position must have a reasonable basis in both law and fact. *Id.* (citation omitted). In analyzing the government's position, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez*, 274 F.3d at 1259 (internal quotations and citations omitted). In the context of sentence four remands, the Commissioner must show that his position "with respect to the issue on which the court based its remand was 'substantially justified.'" *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).

Here, the ALJ's decision with respect to the issue on which the Court based its remand was not substantially justified. As stated above, the Court found the ALJ erred in ignoring significantly probative mental health treatment records without explanation. (Doc. 21 at 8-13.) Due to this error, the Court found that the ALJ improperly assessed Plaintiff's mental health impairment at step two of the sequential evaluation, given that this

step is only a *de minimis* screening device to dispose of groundless claims. (*Id.* at 8-13 (citing *Bowen*, 482 U.S. at 153-154; *Edlund*, 253 F.3d at 1158).) While the ALJ need not discuss all evidence presented to him, he must explain "why significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-1395 (9th Cir. 1984) (internal quotation and citation omitted). When an ALJ ignores important evidence in making a disability determination, it is grounds to find the government's decision is not substantially justified with regard to a determination on a plaintiff's motion for attorney's fees. *See generally Flores*, 49 F.3d at 571 (citing *Vincent*, 739 F.2d at 1394-1395) (holding government's decision to oppose request for remand not substantially justified when ALJ ignored a vocational report and failed to state reasons for disregarding important evidence); *see also McLean v. Colvin*, 648 F. App'x 621, 622 (9th Cir. 2016) (holding ALJ's decision not substantially justified where the ALJ failed to discuss significant, probative record evidence contrary to the ALJ's findings). Furthermore, where the ALJ's position is not substantially justified, the court need not reach the issue of whether the Commissioner's litigation position was substantially justified. *McLean*, 648 F. App'x at 622-623 (citing *Tobeler*, 749 F.3d at 832).

For the reasons set forth in the Court's January 6, 2020 Order, the ALJ's decision as to the issue on which the Court based its remand was not substantially justified. Accordingly, Plaintiff is entitled to an award of attorney's fees pursuant to the EAJA, provided that such fees are reasonable.

### iii.  *Plaintiff's Requested Fees are Reasonable*

The Court must now determine whether the fees requested by Plaintiff are reasonable, as the Commissioner disputes both the reasonableness of the attorney and paralegal hours expended in this case.

The EAJA directs the court to award "fees and other expenses." 28 U.S.C. § 2412(d)(2)(A). "Fees and other expenses" include "reasonable attorney fees." *Id.* In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See Comm'r, Immigration &*

*Naturalization Serv. v. Jean*, 496 U.S. 154, n. 10 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 429-430 (1983), abrogated on other grounds by *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782 (1989); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 517-518 (9th Cir. 2000); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998).

In support of the Motion, Plaintiff submits the Declaration of Lawrence D. Rohlfing ("Rohlfing") outlining the parameters of his fee agreement with Plaintiff and the billing invoice at issue. (Doc. 23 at 14.) On April 11, 2018, Plaintiff entered into a Social Security Representation Agreement with the Law Offices of Lawrence D. Rohlfing. (Doc. 23-4 at 1.) Plaintiff agreed to pay counsel 25 percent of any award for past-due benefits upon reversal of an unfavorable ALJ decision based upon work performed before this Court. (*Id.*) This accords with 42 U.S.C. § 406(b), which allows a claimant's attorney to charge a contingent fee if it does not exceed "25 percent of the total of past-due benefits to which the claimant is entitled by reason of [the favorable] judgment."[2] 42 U.S.C. § 406(b)(1)(A).

Initially, Plaintiff requested $3,994.24 in fees and expenses which represents compensation for 16.55 hours of work performed by Plaintiff's counsel at an hourly billing rate of $205.25,[3] 4.55 hours of paralegal services at an hourly billing rate of $130, and costs totaling $5.85. (Doc. 23 at 2-3; *see also* Doc. 23-1 at 1-2; Doc. 23-3 at 1.) In Plaintiff's reply brief, Plaintiff requests an additional $410.50 in fees which represents compensation for an additional 2 hours in attorney time to account for reviewing the Commissioner's opposition brief to the instant Motion and drafting the reply brief. (Doc. 25 at 1-2.) In the

---

[2] The 25 percent cap in Section 406(b)(1)(A) "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019); *accord Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008).

[3] Plaintiff's Motion references an hourly billable rate of $201.60 for attorney time, but the billing invoice in this matter references an hourly billable rate of $205.25 for attorney time. (*Compare* Doc. 23 at 2, 7, 12 *with* Doc. 23-1 at 2.) Given that this case was filed in 2019 and the work at issue appears to be performed in 2019-2020, the Court will only reference the $205.25 attorney billable rate, as it appears reference to the $201.60 rate is in error.

reply brief, Plaintiff also concedes to deducting $26 in fees for a duplicate paralegal billing entry for 0.2 hours spent drafting an April 23, 2019 letter to the Court. (Doc. 25 at 7; *see also* Doc. 23-1 at 1.) Plaintiff's reply brief clarifies that the final request for fees and expenses totals $4,378.74. (Doc. 25 at 2-3.)

The Commissioner argues that the Court should reduce any fees by $735.18, as it comprises of time billed for purely clerical or secretarial work which is not compensable. (Doc. 24 at 15-16.) Specifically, the Commissioner contends the entirety of the 4.55 paralegal hours at an hourly rate of $130 should be denied and 0.7 attorney hours[4] at an hourly rate of $205.25 should also be reduced from any award. (*Id.*) As to the paralegal hours, 4.35 hours are in dispute given Plaintiff's concession to deduct 0.2 hours in paralegal time for a duplicate entry. (Doc. 25 at 7; *see also* Doc. 23-1 at 1.)

### 1. Reasonableness of Hours Expended by Paralegal

As to paralegal time, these are recoverable fees under the EAJA. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (stating "we think EAJA . . . must be interpreted as using the term 'attorney . . . fees' to reach fees for paralegal services as well as compensation for the attorney's personal labor."); *see also Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009) (a prevailing party may recover reasonable paralegal fees). However, time spent by a paralegal on clerical matters is not recoverable, as this is to be subsumed in law firm overhead rather than billed at paralegal rates. *Nadarajah*, 569 F.3d at 921 (internal citations omitted). Tasks such as filing and document organization time are clerical in nature. *Id.* "Receipt" of a court order or case filing is also clerical in nature. *Douzat v. Saul*, 17-cv-1740-NJK, 2020 WL 3408706, at *3 (D. Nev. June 11, 2020) (excluding 1.1 hours of paralegal time for "receipt" of an order or other court document); *see also McDade v. Saul*, 17-cv-763-JCS, 2019 WL 6251229, at *6 (N.D. Cal. Nov. 22,

---

[4] On March 8, 2019, Plaintiff's counsel spent 0.5 hours on a letter to Plaintiff regarding a district court fee waiver. (Doc. 23-1 at 1.) This same day, Plaintiff's counsel spent 0.2 hours on a fee waiver questionnaire. (*Id.*)

2019) (excluding 1.67 hours of paralegal time billed for receipt of documents, status reports to the client, and similar tasks, and also excluding 0.2 hours of attorney time for "receipt" of a motion and an email); *Garcia v. Colvin*, 11-cv-1965-SKO, 2013 WL 5347494, at **7-8 (E.D. Cal. Sept. 23, 2013) (deducting entirety of 3.9 hours of paralegal time including for entries such as receipt and review of court orders and downloading opposition papers); *Santos v. Astrue*, CV 07-178-PLA, 2008 WL 2571855, at *3 (C.D. Cal. June 26, 2008) (reducing 0.5 hours of paralegal time for entries such as receipt of review of the scheduling order). Here, the billing invoice includes 9 entries of a paralegal's "receipt" of an order or other document including:

| Date | Description | Hours |
|---|---|---|
| 04/17/2019 | Receipt and review of IFP from client | 0.2 hours |
| 05/08/2019 | Receipt of order re: IFP | 0.05 hours |
| 06/03/2019 | Receipt of notice of appearance | 0.05 hours |
| 08/02/2019 | Receipt of administrative record | 0.1 hours |
| 08/05/2019 | Receipt of scheduling order | 0.1 hours |
| 10/02/2019 | Receipt of motion for extension | 0.05 hours |
| 10/03/2019 | Receipt of order for extension | 0.1 hours |
| 11/12/2019 | Receipt of cross motion | 0.1 hours |
| 01/06/2020 | Receipt of order and judgment | 0.1 hours |

(Doc. 23-1 at 1.) The 0.85 hours for such clerical work will be excluded from the EAJA fee award, leaving 3.5 hours of paralegal time at issue.

The remaining paralegal entries challenged by the Commissioner, though perhaps routine, involve legal-related tasks. These include communicating with the client, the Court, and the Appeals Council (1.9 hours), preparation of the complaint (1 hour), and keeping reasonably informed as to the status of litigation (0.6 hours). (*Id.* at 1.) The remaining 3.5 hours in paralegal time appears reasonable and appropriate.

2. <u>Reasonableness of Hours Expended by Attorney</u>

Considering the amount of time that social security cases generally take, the Court finds the number of hours claimed by Plaintiff's counsel are reasonable. 28 U.S.C. § 2412(d); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d at 1136 (9th Cir. 2012) (noting "many district courts have noted that twenty to forty hours is the range most often

requested and granted in social security cases"); *Krebs v. Berryhill*, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018) (finding that 21.7 hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal a reasonable number of hours in a social security matter). This includes the additional time Plaintiff's attorney spent on the instant EAJA fee application. *See Kuharski v. Colvin*, No. 12-cv-1055-AC, 2015 WL 1530507, at *7 (E.D. Cal. Apr. 3, 2015). While the Commissioner claims that the attorney hours should be reduced by 0.7 hours because it involved purely clerical functions, courts "generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Costa*, 690 F.3d at 1136 (internal citations and quotations omitted). This is because "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees because the payoff is too uncertain." *Id.* As to the March 8, 2019 billing entries by counsel, it appears these entries related to initiating this action in federal court as the complaint and an application for leave to proceed in forma pauperis where filed April 18, 2019. (*Compare* Docs. 1, 3 *with* Doc. 23-1 at 1.) Communicating with the client is part of an attorney's professional responsibility, and it appears reasonable and appropriate to spend .5 hours drafting correspondence to the client. (*See* Doc. 23-1 at 1.) Moreover, it is reasonable and appropriate for an attorney to spend .2 hours drafting papers relating to a fee waiver. (*Id.*) As such, the Court finds no basis to reduce the attorney hours in this case.

### 3. Cost of Living Adjustment

Pursuant to the EAJA, the amount of fees awarded are "based upon prevailing market rates for the kind and quality of the services furnished . . ." *See* 28 U.S.C. § 2412(d)(2)(A). "[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit's 2019 statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living, was $205.25. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act,"

https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Nov. 3, 2020) (citing 28 U.S.C. § 2412 (d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); Ninth Circuit Rule 39-1.6).

Rohlfing relies upon the Ninth Circuit's maximum hourly rates, and he charges $205.25 for attorney billing. (Doc. 23 at 14; Doc. 23-1 at 1-2.) Plaintiff is entitled to the cost-of-living adjustment to the statutory hourly rate pursuant to the EAJA and *Thangarja*. 428 F.3d at 876-877. As such, the Court finds the attorney hourly rate billed by counsel is reasonable.

### 4. Paralegal Fees

Plaintiff seeks paralegal fees at a rate of $130 per hour. (Doc. 23 at 2-3; *see also* Doc. 23-1 at 1-2.) The Court may approve paralegal rates at prevailing market rates. *Nadarajah*, 569 F.3d at 918. In determining the market rate for paralegals, courts may look to the *United States Consumer Law Attorney Fee Survey Report*. *Ulugalu v. Berryhill*, No. 17-cv-1087-GPC-JLB, 2018 WL 2012330, at *4 (S.D. Cal. Apr. 30, 2018) (using the figures in *U.S. Consumer Law Attorney Fee Survey Report* to assess whether the requested paralegal hourly rate was reasonable); *Schneider v. Soc. Sec. Admin.*, No. 12-cv-1375-JAD-GFW, 2014 WL 4251590, at *3 (D. Nev. Aug. 27, 2014) (finding an award reasonable based on figures provided in *U.S. Consumer Law Attorney Fee Survey Report*). Here, the 2017-2018 *United States Consumer Law Attorney Fee Survey Report* provides that the median hourly rate for paralegals in San Diego is $147, which is higher than the $130 rate requested. (Doc. 23-2 at 34.) Notably, courts within this District have approved the $130 hourly paralegal rate. *See, e.g., Toni Lynn B. v. Saul*, No. 19-cv-925-AHG, 2020 WL 4001981, at *3 (S.D. Cal. Jul. 15, 2020) (approving paralegal's hourly rate of $130 for EAJA award, for work performed in 2019 and 2020); *Black v. Berryhill*, 18-cv-1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (approving paralegal's hourly rate of $130 for EAJA award); *Smith v. Berryhill*, 17-cv-2108-CAB-RNB, 2019 WL 2234068, at *2 (S.D. Cal. Mar. 14, 2019) (approving paralegal's hourly rate of $130 for EAJA

award). In light of the foregoing, the Court finds the $130 hourly rate billed by the paralegals is reasonable.

### iv. Costs

Rohlfing's Declaration attaches a receipt of the $5.85 in costs incurred in connection with serving a copy of the complaint by certified mail. (Doc. 23 at 15; Doc. 23-3 at 1.) The Commissioner does not dispute the reasonableness of this cost.

After reviewing the supporting evidence, the Court finds the requested cost is reasonable and recoverable. (*See* Doc. 23-3 at 1); *see also Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (affirming district court's award of costs under EAJA, including postage expenses).

### v. Payment of EAJA Fees

Plaintiff assigned her right to receive EAJA fees, costs, and expenses to her attorney. (Doc. 23 at 10-11; *see also* Doc. 23-4 at 1, ¶ 4.) She requests any recovery of the same be paid to the Law Offices of Lawrence D. Rohlfing, subject to any offset rights of the Treasury. (Doc. 23 at 11.) Defendant asserts that any EAJA fees awarded must be made payable to Plaintiff, not to her attorney, to comply with the United States Department of the Treasury's Offset Program. (Doc. 24 at 16 (citing *Astrue v. Ratliff*, 560 U.S. 586, 590 (2010).)

According to the EAJA, fees and other expenses shall be assigned to the prevailing party. 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has considered whether this provision of the EAJA makes a fee payable to the prevailing party or the attorney. *Ratliff*, 560 U.S. at 588-59. In *Ratliff*, the government sought an offset from an attorney's fee award under the EAJA when it discovered plaintiff owed the United States a debt that pre-dated the fee award. *Id.* Plaintiff's counsel argued that no offset applied, contending the fee award belonged to the attorney. *Id.* The Supreme Court disagreed, finding that "Congress knows how to make fee awards payable directly to attorneys where it desires to do so" and because the fee was payable to the "prevailing party," Congress intended the fee to go to the litigant, not the attorney. *Id.* at 595-97. The Supreme Court held that "a §

2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Id.* at 589. Nonetheless, district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there was been a valid assignment and the plaintiff does not owe a debt to the government. *See Bell v. Berryhill*, No. 16-cv-00809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018); *Ulugalu*, 2018 WL 2012330 at *5.

Rohlfing's Declaration attaches the April 11, 2018 executed contingency fee agreement, wherein Plaintiff agreed as follows, "[c]lient shall endorse such documents as are needed to pay Attorney for any amounts under the EAJA and assigns such fee awards to Attorney." (Doc. 23-4 at 1.) Pursuant to *Ratliff*, 560 U.S. at 590, if the government determines Plaintiff does not owe a federal debt, then the government shall cause the payment of the award to be made directly to the Law Offices of Lawrence D. Rohlfing.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that a reduction of 0.85 hours of work performed by a paralegal is warranted. The remainder of Plaintiff's fee request is reasonable and shall be awarded, including 3.5 hours of paralegal time at an hourly billing rate of $130, 18.55 hours of attorney time at an hourly billing rate $202.25, and $5.85 in costs. Accordingly, the Motion for Attorney Fees, Costs, and Expenses is **GRANTED IN PART** in the amount of $4,212.59. If the government determines Plaintiff does not owe a federal debt, then the government shall cause the payment of the award to be made directly to the Law Offices of Lawrence D. Rohlfing.

**IT IS SO ORDERED.**

DATE: November 12, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE